Appeal from the order of Supreme Court, New York County (Shirley Fin *375 gerhood, J.) entered September 21, 1990, which modified a judgment of said court entered November 17, 1989, which had granted plaintiff a divorce, awarded her a distributive share of marital assets and appointed a temporary receiver to sell the real property assets of defendant’s business so as to satisfy the award, unanimously dismissed, without costs; order of the same court and Justice entered March 21, 1991 which, inter alia, ordered the temporary receiver to distribute, to the plaintiff’s counsel, the proceeds of the sale of certain real property sold so as to satisfy the award to plaintiff, unanimously affirmed, with costs; order of the same court and Justice entered April 22, 1991 which, inter alia, denied the defendant’s motion to be relieved from the judgment of divorce as modified and denied plaintiff’s cross-motion for sanctions and costs but provided that sanctions would be imposed if "any further proceedings are brought by the defendant”, unanimously affirmed, without costs, and the matter remanded for a determination of whether sanctions are appropriate under the circumstances; and the appeal from the order of the same court and Justice entered March 12, 1990 which, inter alia, appointed a temporary receiver to sell real property assets of the defendant’s business, is sua sponte, consolidated for disposition with the appeals from the abovesaid orders and dismissed as moot.
This appeal appears to be an attempt by defendant to accomplish what he was explicitly prohibited from doing by the IAS court, i.e., to relitigate matters already decided. All of the arguments advanced with respect to the distribution of marital assets have been considered by the IAS and this Court on several prior occasions. There is no valid reason advanced by the defendant for this Court to disturb the orders entered March 21, 1991 and April 22, 1991. In view of defendant’s counsel’s attempts to further pursue a completed litigation in derogation of the IAS court’s orders, the matter is remanded to the Court at IAS for a determination as to whether sanctions are proper under the circumstances. (See, Deutsch v Deutsch, 174 AD2d 550; 22 NYCRR 130-1.1.) Concur—Murphy, P. J., Carro, Wallach and Asch, JJ.